UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHADRICK GRIFFIN,

   Movant,

v.

                File No. 1:13-cv-509

                HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

   Respondent.

_____/

## **OPINION**

   This matter is before the Court on Movant Chadrick Griffin's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No.1). The government filed a response to this motion (ECF No. 10). Also before the Court is Movant's pro se motions for an extension to file affidavits and to accept affidavits in support of the motion under 28 U.S.C. § 2255 (ECF Nos. 15; 16). The record may be expanded by the submission of affidavits. *See* Rules Governing § 2255 Cases, Rule 7(b). There is no statutory time limit to submit an affidavit and is therefore left to the Court's discretion. *See id.* Because there is no time limit to submit an affidavit, Movant's motion for an extension to submit affidavits is moot.

   For the reasons that follow, having fully considered the briefs and affidavits, the Court denies, as moot, the motion to extend the time to file affidavits, grants the motion to accept affidavits in support of the motion under 28 U.S.C. § 2255, and denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

**I.**

In 2001, Movant was convicted in state court of possession of cocaine with intent to distribute. Movant was convicted of the same crime, under the same statute, with the same possible punishment, in 2006 and again in 2008. Each conviction carried a maximum sentence of twenty years. Mich. Comp. Laws §333.7401(2)(a)(iv). On October 8, 2009, a federal grand jury indicted Movant on four counts: (1) felon in possession of a firearm; (2) possession of cocaine base with intent to distribute; (3) possession of heroin with intent to distribute; and (4) possession of cocaine base with intent to distribute. Movant was found guilty of the first two counts and acquitted for the latter two counts. On June 17, 2010, the Court entered judgment and sentenced Movant to 264 months in prison.

On June 18, 2010, Movant filed a Notice of Appeal arguing that the district court erred by: (1) denying his request for new counsel on the morning of the first day of trial and in denying his request for a continuance to obtain new counsel; (2) permitting reference by a witness to his parole status in front of the jury; and (3) allowing his conviction for being a felon in possession of a firearm to stand because the felon-in-possession statute violates his Second Amendment right to bear arms. On December 20, 2011, the Court of Appeals affirmed the judgement of the Court. Movant did not appeal to the Supreme Court of the United States. Movant's conviction became final on May 18, 2012, when Movant's petition to the Supreme Court of the United States was due.

Movant timely filed the pro se 28 U.S.C. § 2255 motion on May 9, 2013. Movant claims four grounds for relief based on ineffective assistance of trial counsel: (1) failure to take steps to permit Movant to testify in his own defense; (2) failure to cross-examine police officers regarding their testimony in state court and to call trial witnesses to establish that Movant did not have exclusive

access and control over the location where the firearm was found; (3) failure to demonstrate that another individual placed drugs in Movant's car; and (4) failure to demonstrate at sentencing that Movant is not an Armed Career Criminal under 18 U.S.C. § 924(e). On December 6, 2013 Movant filed a pro se motion for an extension to file his affidavits. On January 10, 2014, Movant filed a pro se motion for the Court to accept affidavits in support of his motion under 28 U.S.C. § 2255.

## II.

### A. Motion Standards

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504

(2003). Claims of ineffective assistance of counsel are an exception to this general rule. Claims of ineffective assistance of counsel "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999)).

However, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances" *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999).

To establish ineffective assistance of counsel, Movant must show both deficient performance by his counsel and prejudice resulting therefrom. See *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (citing *Knowles v. Mirzayance*, 566 U.S. 111 (2009)). To establish deficient performance, Movant must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 131 S. Ct. at 739 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). Additionally, "[s]trategic decisions made after a thorough investigation of the relevant law and facts are . . . 'virtually unchallengeable.'" *Rayborn v. U.S.*, 489 F. App'x 871, 878 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 690). The decision of which witnesses to call and "how to conduct a witness's testimony are classic questions of trial strategy that merit *Strickland* defense." *Rayborn*, 489 F. App'x at 878. Movant's burden is to show that

"counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Premo*, 131 S. Ct. at 739 (quoting *Strickland*, 466 U.S. at 687).

Even if Movant can successfully show his counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *See Strickland*, 466 U.S. at 691. Therefore, Movant must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)); *see also Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Movant to meet because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." See *Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)). As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim de novo, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740.

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted

as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

**B.      Ineffective Assistance of Trial Counsel**

       1.      *Failure to Take Steps to Permit Movant Testify in His Own Defense*

Movant argues that his trial counsel was constitutionally ineffective for "failing to take steps to permit" him to testify in his own defense. (Mot. 4, ECF No.1.) Movant alleges that his trial counsel agreed with the Prosecution "not to object to any questions that the government would ask [Movant] on cross-examination." (*Id.*)

Movant's trial counsel, Jeffery O'Hara, avers that he "did not agree to refrain from objecting to the government's cross-examination of [Movant]" and that he "would have objected to all cross-examination questions" he believed to be objectionable. (O'Hara Aff. 2, ECF No. 6.) Mr. O'Hara also avers that he "thoroughly prepared [Movant] to testify truthfully if he chose to do so," despite having advised that it would be in Movant's best interest not to testify on his own behalf. (*Id.*)

The trial transcript shows that Movant declared that he wished not to testify based on what he said he heard of a sidebar conversation. (Trial Tr. Vol. 2 377, No. 1:09-cr-296 ECF No. 57.) The

Court repeatedly asked Movant what he had heard during the sidebar but Movant refused to answer. (*Id.* at 379, 381.) The trial transcript shows that the Court, the Defense, and the Prosecution stated that the sidebar conversation concerned the scope of Movant's testimony and was about protecting the rights of both parties. (*Id.* at 380–91.) The record completely contradicts Movant's allegations that his trial counsel agreed with the prosecution not to object to cross-examination questions directed at Movant.

The record contradicts Movant's allegation that his trial counsel failed to take steps to permit Movant to testify in his own defense and Movant has presented no evidence other than his own incredible allegation to rebut Mr. O'Hara's affidavit. Movant has failed to show that Mr. O'Hara's representation was below objective standards of reasonableness and as such Movant has not satisfied the first prong of the *Strickland* test. Therefore, Movant is entitled to no relief under § 2255 due to his trial attorney's alleged failure to take steps to permit Movant to testify in his own defense.

2.  *Failure to Cross-examine Police Officers and Failure to Call Trial Witnesses*

Movant argues that his trial counsel was constitutionally ineffective for failing to effectively cross-examine a police officer and for failing to call trial witnesses to establish that Movant did not have exclusive control over the bedroom where a firearm was found. (Mot. 5, ECF No.1.)

Mr. O'Hara did cross-examine police officers and others to establish that Movant did not have exclusive control over the bedroom where a firearm was found. (Trial Tr. Vol. 1 125–33, 173–74, No. 1:09-cr-296 ECF No. 56.) In preparation for the cross-examination of officer Dan Myers, who was present at Movant's arrest, Mr. O'Hara received and reviewed Movant's state court preliminary examination transcript. (O'Hara Aff. 2, ECF No. 6.) Mr. O'Hara avers that this cross-examination was intended to show that "there was no lock on the drawer in [Movant's] bedroom

7

under which the firearm was found" and that "there was no lock on [Movant's] bedroom door." (*Id.* at 2–3.) The record shows that Mr. O'Hara did cross-examine Officer Dan Myers and was able to elicit the testimony he had intended. (Trial Tr. Vol. 1 125–33, No. 1:09-cr-296 ECF No. 56.)

The record also indicates that Mr. O'Hara cross-examined both Movant's sister and Movant's girlfriend. (*Id.* at 174; Trial Tr. Vol. 2 306–07, No. 1:09-cr-296 ECF No. 57.) Through the cross-examination of Movant's sister, Mr. O'Hara established that multiple individuals had access to the room where the firearm was found, including Movant's girlfriend, a potential suspect. (Trial Tr. Vol. 1 174, No. 1:09-cr-296 ECF No. 56.) Through the cross-examination of Movant's girlfriend, Mr. O'Hara established that she, a potential suspect, had accessed the bedroom where the firearm was found the day before Movant's arrest. (Trial Tr. Vol. 2 306–07, No. 1:09-cr-00296 ECF No. 57.) These cross-examinations effectively showed that Movant was not the only person who could have placed the firearm in the bedroom.

Mr. O'Hara avers that after the defense contacted potential witnesses and evaluated their potential testimony, a strategic decision was made that their testimony would not be beneficial to the defense. (O'Hara Aff. 3, ECF No. 6.) Strategic decisions such as this, based on the defense investigation, cannot be called into question by mere speculation that it may not have been the optimal strategy. *See Rayborn*, 489 F. App'x at 878. Movant offers no evidence that Mr. O'Hara's strategic decisions were unsound but rather, merely states his retrospective displeasure with the decision. (Mot. 5, ECF No.1.)

Based on the uncontroverted evidence, Mr. O'Hara's trial advocacy and strategic decisions were designed to establish that Movant did not have exclusive control over the bedroom where a firearm was found; as such, they were not professionally unreasonable. Even assuming

professionally unreasonable conduct, there is nothing to suggest, with a reasonable probability, that but for Mr. O'Hara's errors, the outcome would have been different. *See United States v. Griffin*, 476 F. App'x 592, 598 (6th Cir. 2011) (noting based on trial evidence and testimony "proof of [Movant's] guilt on the gun . . . [charge] is overwhelming"). Movant has satisfied neither prong of the *Strickland* test and therefore is entitled to no relief under § 2255 due to his trial attorney's alleged failure to effectively cross-examine a police officer and for failing to call trial witnesses to establish that Movant did not have exclusive control over the bedroom where a firearm was found.

   3.  *Failure to Demonstrate that Movant did not Place Drugs in the Car*

Movant argues that his trial counsel was constitutionally ineffective for failing to demonstrate that Movant did not place drugs in the car where they were found and for failing to call witnesses to testify to that account. (Mot. 7, ECF No.1.)

Mr. O'Hara avers that his primary defense was "to demonstrate that another individual placed drugs in [Movant's] car. (O'Hara Aff. 3, ECF No. 6.) Mr. O'Hara's affidavit states that he cross-examined Grand Rapids Police Forensic Services Manager Cecile Herald to establish that Movant "had not placed the drugs in his car because [Movant's] fingerprints were not found on the Government's Exhibits No. 1 and No. 2" (*Id.*) Mr. O'Hara's affidavit is confirmed by the record. (Trial Tr. Vol. 1, 125–33 No. 1:09-cr-00296, ECF No. 56.) The record clearly indicates that Mr. O'Hara attempted to prove that Movant did not place the drugs in the car.

Mr. O'Hara avers that the defense "contemplated bringing other witnesses to trial," but "made the strategic decision that their testimony would not be beneficial to [Movant's] case." (O'Hara Aff. 3, ECF No. 6.) Strategic decisions such as this, based on the defense investigation, cannot be called into question by mere speculation that it may not have been the best strategy. *See*

9

*Rayborn*, 489 F. App'x at 878. Movant offers no evidence that Mr. O'Hara's strategic decisions were unsound but rather, merely states his retrospective displeasure with the decision. (Mot. 7, ECF No.1.)

Based on the uncontroverted evidence, Mr. O'Hara's trial advocacy and strategic decisions were designed to establish that another individual placed drugs in the car where they were found; as such, they were not professionally unreasonable. Even assuming professionally unreasonable conduct, there is nothing to suggest, with a reasonable probability, that but for Mr. O'Hara's errors, the outcome would have been different. *See United States v. Griffin*, 476 F. App'x 592, 598 (6th Cir. 2011) (noting based on trial evidence and testimony "proof of [Movant's] guilt on the . . . cocaine [charge] is overwhelming"). Movant has satisfied neither prong of the *Strickland* test and therefore is entitled to no relief under § 2255 due to his trial attorney's alleged failure to demonstrate that Movant did not place drugs in the car where they were found.

4. *Failure to Demonstrate at Sentencing that Movant was not an Armed Career Criminal Under 18 U.S.C § 924(e)(1)*

Movant argues that his trial counsel was constitutionally ineffective for failing to demonstrate at sentencing that Movant was not an Armed Career Criminal under 18 U.S.C. § 924(e)(1) by citing two cases: *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). (Mot. 8, ECF No.1.)

Mr. O'Hara avers that he "assessed [Movant's] status as an Armed Career Criminal under 18 U.S.C. § 924(e)(1)" and it was his "professional judgment that his status was correctly calculated." (O'Hara Aff. 4, ECF No. 6.)

Even if Mr. O'Hara's decision not to challenge Movant's status was professionally

unreasonable, Movant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)). To satisfy this burden Movant must show that these cases, as applied to his case, establish that he is not an Armed Career Criminal.

At issue in *Carachuri-Rosendo* was a prior state conviction in which the state prosecutor declined to charge the defendant with a felony and did not establish in the record the elements necessary to convict him of a felony. The Supreme Court held that, absent the requisite facts being established in the record, a defendant's prior state conviction could not be considered a felony for the purposes of federal sentence enhancements, even though the defendant could have been charged with a felony in federal court for the prior offense. *See Carachuri-Rosendo*, 560 U.S. at 576–77. In *Simmons*, the Fourth Circuit applied *Carachuri-Rosendo* to hold that, in order to receive sentencing enhancements, the offense of a "particular defendant" must be "punishable by a imprisonment for more than one year under state law." *United States v. Brown*, No. 1:08-cr-106, 2013 WL 2145786, *2 (W.D. Mich. May 15, 2013) (Neff, J.) (citing *Simmons*, 659 F.3d at 244).

Neither *Carachuri-Rosendo* nor *Simmons* are applicable to Movant's sentence which was enhanced under the Armed Career Criminal Act based on his three prior state convictions for a "serious drug offense" as defined in the Act. The statute defines "serious drug offense" as a state drug-trafficking offense that carries a "maximum term of imprisonment of ten years or more." 18 U.S.C. § 924(e)(2)(A). Movant's presentence report for his June 17, 2010, sentencing notes that his criminal history includes three "serious drug offenses": (1) a 2001 conviction for possession of cocaine; (2) a 2006 conviction for possession of cocaine; (3) a 2008 conviction for possession of cocaine. (Presentence Report ¶¶ 67, 78, 81 No. 1:09–cr–296). All three of these convictions are

11

punishable by more than ten years imprisonment. Mich. Comp. Laws § 333.7401(2)(a)(iv). Courts have recognized that:

> [w]hether or not a predicate state conviction is a serious drug offense . . . is not dependent on the sentence that could have been received by a particular defendant, but rather what the law of the state prescribes as the maximum punishment for a particular offense.

*Upchurch v. United States*, No. 5:12–cv–40, 2012 WL 1555433, at *1 (E.D.N.C. Apr. 30, 2012) (holding *Simmons* "not germane" to whether defendant was convicted of serious drug offense); *see also Wooten v. United States*, Nos. 4:10-cr-2, 4:11-cv-163, 2012 WL 3594619, at *2 (E.D.N.C. Aug. 20, 2012) (same).

In the instant case, the punishment for Movant's state convictions, serving as the predicate "serious drug offenses," was not contingent on Movant's prior criminal history, but was prescribed by statute as punishable by a maximum of twenty years for all offenders. Mich. Comp. Laws § 333.7401(2)(a)(iv). Unlike the defendant in *Carachuri-Rosendo*, Movant's status as an Armed Career Criminal was not based on hypothetical prior sentencing but on his actual prior convictions of "serious drug offenses." The instant case is also dissimilar to *Simmons* because the "records that may be properly consulted" *do* show that Movant faced a *mandatory* enhancement. *See Simmons,* 649 F.3d at 243 (quoting *United States v. Rodriquez*, 553 U.S. 377 at 389 (2008)) (internal quotation marks omitted). Therefore, Movant was properly classified as an Armed Career Criminal and entitled to no relief under § 2255 due to his trial attorney's alleged failure to demonstrate that such classification was incorrect.

## IV.

Having determined that Movant's arguments do not merit granting the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also

determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's argument debatable or wrong. Therefore, the Court denies Movant a certificate of appealability as to each issue presented.

## V.

For the foregoing reasons, the Court grants Movant's motion to submit affidavits and denies Movant's motion for an extension to submit affidavits. Additionally, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this opinion.

Dated: <u>May 20, 2014</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE